**MITTEN BANK SECURITIES CORPORATION v. JORDEN.**

No. 5396.

Circuit Court of Appeals, Third Circuit.

Sept. 5, 1934.

Rehearing Denied Nov. 8, 1934.

George H. Huft, of Philadelphia, Pa., for appellant.

Cecil P. Harvey, Martin Feldman, William Horenstein, and S. Davis Wilson, all of Philadelphia, Pa., for appellee.

Before DAVIS, Circuit Judge, and JOHNSON and FORMAN, District Judges.

JOHNSON, District Judge.

This is an action of assumpsit brought by Forrest Jorden, a citizen of the state of New Jersey, against Mitten Bank Securities Corporation, a corporation organized under the laws of the state of Pennsylvania, for the recovery of $3,465 with interest from April 9, 1929, representing the par value of 140 shares of preferred stock purchased of the Mitten Bank Securities Corporation under an agreement of the corporation to purchase back the stock under certain conditions. The case was tried by the court and a jury and a verdict was rendered for the plaintiff in the sum of $4,279.22. A motion for a new trial was refused, and on December 6, 1933, by direction of the trial court, judgment was entered for the plaintiff for $4,279.22, from which the defendant has taken an appeal to this court.

The material facts of the case are briefly as follows: The plaintiff purchased from the Mitten Bank Securities Corporation, the defendant, 140 shares of preferred stock of the corporation at a par value of $25 per share, upon a written agreement or representation of the defendant to repurchase the stock as follows: "Ready Market. Until MBSC is listed on the stock exchange, or until further notice, a market for the purchase and selling of MBSC is maintained at Mitten Bank, Broad and Locust Streets, during the hours from 9:00 A. M. to 5:00 P. M. Should you be forced to sell, you will receive

"$25.00 per share less a charge of 25¢ per share to cover cost of this service."

Plaintiff averred and testified that in December, 1928, he wrote to the defendant, demanding a refund or repurchase of the stock and inclosing his certificates of stock, but received no reply, and that on April 9, 1929, he called in person at the Mitten Bank office, Broad and Locust streets, Philadelphia, and there and then demanded a refund of D. E. Brown, assistant treasurer of the defendant, who advised the plaintiff to call again in about a week for his money, and that calling again in about a week, he was advised that he would have to await his turn, and that on numerous occasions thereafter he was advised that his turn had not yet arrived, and that in reply to his letter to the defendant some time before May, 1930, he was advised by the defendant by letter of May 19, 1930, that the stock was listed on the exchange and the repurchase thereof was discontinued.

The defendant admits the purchase of the stock, the written agreement or representation, but denies that any legal or proper demand was made for the repurchase of the stock. The only point, therefore, at issue in the case was whether a proper demand for a refund or repurchase of the stock was made. Under the evidence, this was clearly a question of fact for the jury and not of law for the court. The plaintiff testified positively that he demanded the repurchase of the stock before December 19, 1929, the date the stock was listed on the exchange. The demand was made, according to plaintiff's testimony, on D. E. Brown, assistant treasurer of the defendant company, at the Mitten Bank. The question of a legal demand was submitted to the jury and the verdict was rendered for the plaintiff, and unless some error in the submission was made, the verdict should not be disturbed.

Complaint is made against the charge of the court; but where exceptions were noted and any errors pointed out, the court properly corrected the same, so that no just complaint can now be made against the charge.

There was evidence to support the finding that the plaintiff complied with the conditions of the agreement required for the repurchase of his stock by the defendant, and that the defendant failed to comply with its agreement or representation.

The case was tried and fairly submitted to the jury, and there was substantial evidence to support its verdict, and the judgment entered thereon is affirmed.